JUSTICE KEENAN, with whom JUSTICE KOONTZ
joins, dissenting.
In its analysis, the majority has failed to consider the unique evidentiary burden placed on the Commonwealth in proving a case based on circumstantial evidence. When a conviction is based on circumstantial evidence, the circumstances proved “must each be consistent with guilt and inconsistent with innocence, and . . . they must concur in pointing to the defendant as the perpetrator beyond a reasonable doubt.” Cantrell v. Commonwealth, 229 Va. 387, 398, 329 S.E.2d 22, 29 (1985); see also Rogers v. Commonwealth, 242 Va. 307, 317-18, 410 S.E.2d 621, 627 (1991); Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984); Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981). Further, as in any criminal case, the evidence must exclude all reasonable theories of innocence, and a suspicion of guilt, however strong, or even a probability of guilt, will not support a criminal conviction. Sheppard v. Commonwealth, 250 Va. 379, 387, 464 S.E.2d 131, 136 (1995), cert, denied, 517 U.S. 1110 (1996); Rogers, 242 Va. at 317, 410 S.E.2d at 627; Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983); Bishop, 227 Va. at 169-70, 313 S.E.2d at 393.
In the present case, I would hold that the trial court’s judgment was plainly wrong because, as a matter of law, the Commonwealth’s evidence established only a suspicion or a probability of guilt. The circumstantial evidence did not concur in pointing, beyond a reasonable doubt, to the defendant as a perpetrator of these crimes. The *515 evidence merely showed that a person of the same skin color, nationality, body type, and hair length as the defendant committed these crimes. The only other evidence linking the crimes to the defendant was his conduct in the pool hall earlier that day and his uncle’s testimony, which was inconsistent with the defendant’s alibi.
While these circumstances are consistent with guilt, they are not inconsistent with innocence and do not exclude a reasonable hypothesis that someone other than the defendant was the shortest of the three gunmen who committed these crimes. Under the majority’s view of the evidence, a person who had an altercation with a victim’s brother and stated that he intended to return may be convicted of murder if his alibi is inconsistent with other testimony and if he and the perpetrator share certain general physical characteristics. Such evidence is insufficient because it fails to present an unbroken chain of the necessary circumstances of motive, time, place, means, and conduct that link the defendant to the crime beyond a reasonable doubt. See Cantrell, 229 Va. at 397, 329 S.E.2d at 28; Bishop, 227 Va. at 169, 313 S.E.2d at 393; Stover v. Commonwealth, 222 Va. 618, 623, 283 S.E.2d 194, 196 (1981). Therefore, I would reverse the defendant’s convictions and dismiss the indictments on which they are based.